[L. A. No. 3384.    Department One.—October 13, 1914.]

## AUGUST HOFFMAN, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

NEGLIGENCE—EXPLOSION OF DYNAMITE—PRIVATE PERSON OPERATING HAND-CAR ON RAILROAD TRACK—ASSURANCE OF SAFETY BY RAILROAD EMPLOYEE—EVIDENCE.—In an action against a railroad company to recover for personal injuries to the plaintiff from an explosion of dynamite resulting from a collision of a freight train of the company, moving on its main track, from the north, with a hand-car belonging to the defendant, which the plaintiff, at the time of the accident, was using on such track for his own convenience in moving the dynamite from the station where it had been unloaded to a

private magazine, it is error to permit the plaintiff to testify, that, before commencing the work of moving, a flagman in the employ of the defendant, who had given him permission to use the hand-car, but whose duties had nothing to do with the movement of trains, except as he observed them coming from the south, and who was not advised, whether regular trains were on time or whether there were extra trains running, had stated that the plaintiff would have time to operate the hand-car on the main track and get it off again before the approach of a train. In making such statement, the employee of the defendant was not acting within the scope of his actual or his apparent authority.

ID.—AUTHORITY OF EMPLOYEE TO PERMIT USE OF TRACK—RAILROAD NOT BOUND BY ASSURANCES OF SAFETY.—In the absence of proof that such employee had authority to permit the occupancy of the main track by persons not connected with the operation of the road, or to give assurances that trains would not pass in either direction within a given time, the defendant could not be bound by his statements in this connection, and the plaintiff had no right to rely upon them as statements authorized by the defendant.

ID.—ERROR IN ADMITTING EVIDENCE—CASE PRESENTED ON DIFFERENT THEORIES—GENERAL VERDICT VITIATED BY ERRONEOUS EVIDENCE.— Where the plaintiff's case was presented on the theory of the defendant's negligence in giving such assurance of safety, and also on the theory of a subsequent act of negligence based on the doctrine of the "last clear chance," a general verdict for the plaintiff is vitiated by the admission of such erroneous evidence, notwithstanding the verdict might have been sustained on the latter ground.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

J. W. McKinley, R. C. Gortner, and W. R. Millar, for Appellant.

E. B. Drake, for Respondent.

SLOSS, J.—The plaintiff recovered judgment for ten thousand dollars, damages for injuries sustained through the alleged negligence of the defendant. The defendant appeals from the judgment and from an order denying its motion for a new trial.

Plaintiff was in the employ of the Union Hardware & Metal Company at Los Angeles. Said company's business included

the sale of explosives. In connection with that branch of its business, it maintained a magazine a short distance from the line of the defendant's railroad track, at a point near Tunnel Station, about twenty-seven miles north of Los Angeles. A shipment of twenty-five boxes, each containing fifty pounds of dynamite, had, in course of transportation been placed on the ground alongside the defendant's track. The Union Hardware & Metal Company directed the plaintiff to go to Tunnel Station and move the twenty-five boxes to the magazine.

The dynamite lay at a point on the track about seven hundred feet south of the station. Some two hundred and seventy-five feet north of this point there was a switch connecting the main track with a spur leading to the magazine. Upon reaching Tunnel Station the plaintiff requested of one Glenn, an employee of defendant, permission to use a push-car in moving the dynamite. Glenn assenting, Hoffman took the car, pushed it along the track to the place where the dynamite was, loaded the boxes on the car, and came back to the switch connecting with the spur. Finding the switch locked, he unloaded the dynamite, and was proceeding to lift the push-car from the main to the spur track, intending to then reload it with the boxes, when a freight train of defendant, approaching from the north, struck the push-car. The dynamite exploded, inflicting upon plaintiff the injuries which form the basis of this action.

The appellant contends that the proximate cause of the collision was the negligent act of the plaintiff in placing the push-car upon the main track. The dynamite could have been moved, it is argued, without the use of the car, or, granting the propriety of employing the car, all danger might and should have been obviated by putting the car on the spur or side track in the first instance and keeping it there. We shall not enter into a discussion of the sufficiency of the evidence to sustain the implied finding of the jury in plaintiff's favor on this point. But in this connection the ruling of the court permitting plaintiff to testify to a conversation with Glenn relative to the use of the push-car upon the main track becomes important. Over the defendant's objection the plaintiff was allowed to testify that, while at the station, before commencing the work of moving, he had said to Glenn: "Will I have time to go down there on the main track and put the stuff on the hand-car and get it off on the side-track before

the train comes?'' and that Glenn had answered ''Yes.'' That this testimony had a serious and direct bearing upon the issue of plaintiff's negligence, as well as upon that of defendant's negligence, is very plain. It tended to show that plaintiff was led to place himself in a position of danger by the affirmative act of defendant's agent. Was this testimony competent? The defendant objected to it on the ground that Glenn had not been shown to have authority from the defendant corporation to make any such statement, and that he could not, therefore, bind the corporation by what he said. The objection should have been sustained. Some thousand feet or more north of Tunnel Station the railroad track ran through a tunnel, in which men were at work. The testimony of Glenn, which was undisputed on this point, was that his duties were to ''keep time for the tunnel gang, and flag trains—watchman.'' He was ''flagging trains for the men working in the tunnel.'' There was also a watchman at the other end of the tunnel. The plaintiff's own testimony was that he had seen Glenn ''flagging trains; he worked around the station there; had papers there and different things. I didn't look to see what they were, but saw him in the station there. It is the only house there. He always attended the telephones when the trains were coming through.'' The telephones were used to warn the men in the tunnel. The testimony does not show that Glenn had or was required to have any knowledge concerning the movements of trains beyond such knowledge as was necessary to enable him to give warning of approaching trains to workmen in the tunnel. His duties in this regard were limited to trains approaching the tunnel from the southerly end, after passing Tunnel Station. Trains coming from the north, such as the one which struck the push-car in this case, would traverse the tunnel before reaching Glenn's station. Furthermore, Glenn, as he testified, had nothing to do with the movement of trains, except as he observed them coming from the south. He had no occasion to note, and was not advised, whether regular trains were on time, or whether there were extra trains running.

Under these circumstances, it seems clear that Glenn was not acting within the scope of his actual or his apparent authority in advising plaintiff that there would be time, before the arrival of any train, to put the dynamite on a push-car on the main track, and move it to the side track. The case is,

if anything, a stronger one for the appellant than was *Clark* v. *Atchison T. & S. F. Ry. Co.*, 164 Cal. 363, [128 Pac. 1032]. There the plaintiff was injured in falling from the platform step of a fast-moving train. He was allowed to testify that the engineer had promised that he would slow up at a point where plaintiff desired to alight, and that he (plaintiff) had taken his position on the step in reliance upon this promise. The admission of the testimony was held to be error, in the absence of proof that the engineer was authorized by the defendant "to slow up trains for that purpose." So, here, in the absence of proof that Glenn had authority to permit the occupancy of the main track by persons not connected with the operation of the road, or to give assurances that trains would not pass in either direction within a given time, the defendant could not be bound by his statements in this connection, and the plaintiff had no right to rely upon them as statements authorized by the defendant.

The plaintiff relied upon the advice claimed to have been given by Glenn as evidence of negligence on the part of the defendant. An instruction embodying this view was given to the jury. The case was also presented on the theory of the "last clear chance." But, even if it be said that a verdict might have been sustained on the latter ground, this would not cure the error in admitting the evidence of the conversation between Glenn and plaintiff, since the verdict was general, and it cannot be determined whether the jury based it upon the ground of Glenn's assurance of safety or on a subsequent act of negligence.

An instruction dealing with the doctrine of "last clear chance" is criticised by appellant. The instruction is not as clear, in all respects, as it might be. It is apparent, however, from other instructions and from the briefs, that the true limits of the doctrine, as defined in many of our decisions, are fully understood by counsel, and we think there is no likelihood of a repetition, on another trial, of the objectionable part of the instruction referred to. We shall not, therefore, set it forth here.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Angellotti, J., concurred.