[Civ. No. 4369.   Third  Appellate  District.—December  2,  1931.]

ALTA BELL BARKER et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Appellants.

W. D. Tillotson and George R. Freeman for Appellants.

L. C. Smith and Cooley, Crowley & Supple for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought to recover damages arising out of the death of Claude W. Barker, through the negligence of defendants. The jury awarded plaintiffs (who are widow and children, respectively, of deceased) the sum of $30,000, and this appeal is prosecuted from the judgment.

The town of Kennett, Shasta County, is on the main railroad line of defendant Southern Pacific Company. From this town a branch track runs to a smelter which was formerly operated by United States Smelting, Refining and Mining Company. From this branch track a spur-track leads to a slag pit. Decedent was employed by a wrecking company, which was engaged in removing the junk and materials left when smelting operations ceased. He was an engineer, and was operating a very small locomotive known as a "Climax", which was used solely to move the cars on the various tracks on the smelter premises. On the day of the accident decedent's engine was hauling a carload of brick to the scales to be weighed. Without dispute the evidence shows that this was being done under the directions and at the request of the agent of defendant Southern Pacific Company at Kennett. In order to reach the scales it was necessary to switch to the scale track. Decedent stopped his engine near the switch and a fellow employee, Gubetta, jumped off and "threw" the switch, so that the Climax engine could pass to the scale track. Gubetta gave the signal to proceed, and deceased started slowly toward the switch. He went a few feet and was upon the switch when a train operated by defendant Southern Pacific Company, and backing from the direction of Kennett, ran into his engine and his death resulted.

It is contended that the court erred in denying a motion for a nonsuit, for the reasons, first: That decedent was guilty

of contributory negligence, and, second, that he was a trespasser to whom the defendants did not owe the duty of ordinary care.

As to the first ground, we cannot say, as a matter of law, that the jury could not fairly and honestly find for the plaintiff, nor can we say that the evidence is of such a character that it will support no other legitimate inference than that the deceased was guilty of contributory negligence. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].) Decedent brought his engine to a complete stop. He sent a man ahead to open the switch. That man opened the switch and gave the signal to proceed. There is evidence that the train of defendant company came in an hour or two ahead of its regular time of arrival, and that the only other train over this branch line arrived in the morning. The accident occurred at 2:30 o'clock P. M. Decedent had no reason to anticipate that a train would back into him at that hour. We are satisfied that the jury might reasonably have found that decedent acted with ordinary care under the conditions which we find in this case.

As to the second ground, the conclusion is inescapable that decedent was an invitee. The agent of defendant instructed decedent to weigh the brick. The scales were situated upon the tracks of defendant Southern Pacific Company. A witness testified that decedent used the only available route, which was over the switch in question. No objection was made at the trial to the testimony of the employer of decedent, when he said that he was directed by the station agent to weigh the brick upon the scales referred to.

"An invitation to go upon the premises of another may be express or implied, and may be manifested by the arrangement of the premises or by the conduct of the owner. The gist of liability consists in the fact that the person injured did not act merely for his own convenience or pleasure, but that an owner or occupant held out an invitation or allurement which led him to believe that the use made by him of the premises was in accordance with intention and design." (19 Cal. Jur. 619, 620.)

Defendant company was to haul this brick over its lines, and the weighing was necessary for that purpose. Appellant insists that the agent was without authority to grant the permission to use the scale track, and relies upon *Hoff-*

*man* v. *Southern Pac. Co.*, 168 Cal. 627 [143 Pac. 1032]. There, over the objection of defendant, plaintiff was permitted to testify that an employee of the railroad company told him that he would have time to use a push-car upon the main track before the train came. It was held that the objection should have been sustained upon the ground that there was an absence of proof that the employee was authorized to so act. That employee was an ordinary *watchman* and *time-keeper*. His duties had nothing to do with the running of trains. Admittedly he was not acting within the scope of his actual or apparent authority. In the instant case, the station agent was attending to the weighing of a commodity which his employer was about to transport. It is a matter of common knowledge that such commodities must be weighed to determine the charges. There is evidence showing that the agent made out the shipping bills for freight originating at the smelter, and two days after the accident he weighed the car of brick which was here involved. We are of the opinion that the agent was authorized to permit decedent to use the scale track.

Furthermore, it does not appear that this question of authority was raised at the trial. The employer of decedent was permitted to testify without objection, the agent did likewise. The motion for nonsuit did not include this ground. Where points of this character are presented for the first time to a reviewing court, they will not be considered. (2 Cal. Jur., p. 263.) If appellant had made a proper objection to this testimony (i. e., want of authority in the agent), opposing counsel would have had an opportunity to produce further evidence to support his position, if he so desired. Where no such objection is made, opposing counsel may rightly conclude that it has been waived.

It is contended that decedent was a trespasser for the reason that defendant company owned the track upon which the scales were located. Contracts between the wrecking company and the smelter company were introduced by plaintiffs to show that decedent had a lawful right to use the scale track. We deem it unnecessary to discuss these contracts, as we have concluded that decedent was acting under the express directions and permission of defendant company. The motion for a nonsuit was properly denied.

█ It is next contended that the evidence was insufficient to sustain the verdict. Under this heading in appellants' brief, the following quotation embraces all they have to say in support of this ground for reversal: "The equipment used was modern, the defendants were operating the train in a careful manner and the train was fully equipped and manned by competent employees, each of whom was in his respective place." The transcript in the case consists of some five hundred pages. Upon a presentation of this character, an appellate court is under no obligation or duty to give the point any consideration whatever. We will, however, point out the outstanding facts which might justify the action of the jury. The train of defendant company was approaching around a curve to the scene of the collision. It was seen some two hundred feet away, by Gubetta (after he threw the switch for decedent's engine), and he jumped to safety as it rushed by him and struck the engine. This train was backing up, and there was ample evidence from which the jury could find that due care was not used in the operation. The impact was terrific, throwing the little engine of decedent many feet in the air. It was a question for the jury to decide, as to whether or not the train was proceeding at a rate of speed which was prudent under the circumstances. In addition, there was evidence that the train was over an hour ahead of its regular schedule. The agent at Kennett, where this train originated, had told decedent to use the scale track a short time before. The act of defendant company, under such circumstances, shows almost a reckless disregard for human life, and the facts are ample to support the verdict rendered.

█ The court instructed the jury that defendants were under the duty to use ordinary care. It is contended that this was error, in that the evidence shows the deceased was a trespasser. As we have pointed out, the uncontradicted evidence shows that deceased was at the point of collision at the express invitation of Southern Pacific Company. Where the jury could draw but one conclusion from the evidence, it is not error to instruct the jury upon the facts thus admitted.

█ Another instruction bears upon the construction of the contracts mentioned *supra*. These contracts are immaterial,

in that the evidence shows an express invitation. The giving of instructions bearing upon these matters could not harm defendants.

Other instructions given at the request of plaintiffs are attacked, but they involve, directly or indirectly, the considerations disposed of in the two preceding paragraphs.

A number of instructions offered by defendants were refused by the court. These involve the duty of defendant railroad company toward a trespasser. As we have pointed out, the undisputed evidence shows that decedent was not a trespasser. There was no error in rejecting these instructions.

We have examined the instructions as a whole, and are satisfied that the jury was fully and fairly instructed.

Certain rulings of the court, in respect to the admission of the contracts in evidence, are attacked. These contracts were offered to show that decedent had a right to use the tracks of defendant company, and hence was not a trespasser. Assuming that the court erred, no prejudice could result to defendant company, when the company admitted at the trial that it had expressly invited decedent to use this track.

Most of the arguments in this case are devoted to the determination of the status of decedent. Conceding that appellants are correct, and that he was a trespasser, there is evidence from which the jury could have concluded that the railroad company breached its duty toward him. Even a *trespasser* has *some* rights. For instance, if, after he is discovered upon the tracks, the railroad company does not adopt reasonable precautions to avoid injuring him, a recovery can be had. (*Williams* v. *Southern Pac. Co.*, 173 Cal. 525 [160 Pac. 660].)

The case was fairly tried, and the jury was fully instructed. The record is free from prejudicial error. The evidence was ample to support the verdict.

It follows, therefore, that the judgment must be affirmed, and it is so ordered.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 31, 1931, and the following opinion rendered thereon:

THE COURT.—Our attention has been directed to certain statements of facts which appear in the original opinion.

As to the conduct of decedent, it appears from the record that his engine was "barely moving", as he approached the switch leading to the scale track. The opinion states that he "stopped". Whether he actually stopped or was barely moving does not affect our conclusions that there was evidence to justify the jury in finding decedent free of contributory negligence.

As to who had an exclusive right to use the scale track, the record is not clear. Assuming that this track was the exclusive property of the smelter company, the fact still remains that to get upon this track it was necessary to use the tracks of the Southern Pacific Company. As we stated in our opinion, there is evidence from which the jury could find that the approach to the scale track, which was used by decedent, was the only one available, and the one customarily used. It was the duty of the agent of appellant company to keep himself informed upon these facts, before he directed the weighing of the car.

As to whether the accident occurred on the scale track or the main spur-track or the slag pit track is simply a question of how the numerous switches should be designated. Neither appellant nor respondents agreed upon the proper designation. From plaintiff's exhibit "1" it would appear that the branch line from Kennett ran directly past the scales, hence we placed the scene of the accident upon the scale track. The decedent's engine, when it was struck was moving slowly over, or a few feet beyond, the switch. The testimony is not clear upon this point.

The evidence shows, as we stated in the opinion, that the train of defendant company originated at Kennett.

The petition for rehearing is denied.

An application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 28, 1932.