[Civ. No. 8932.   Third Dist.   Jan. 29, 1957.]

PARLEY MAX SMITH et al., Respondents, v. AMERICAN
SURETY COMPANY OF NEW YORK (a Corporation),
Appellant.

Barfield & Barfield, Charles V. Barfield and Herbert Chamberlain for Appellant.

Hildebrand, Bills & McLeod, Charles C. McLeod, D. W. Brobst and Clifton Hildebrand for Respondents.

WARNE, J. pro tem.*—This action was brought to establish and enforce an oral contract of truck liability insurance. The case was tried before a jury and resulted in a verdict against the appellant. The appeal is from the judgment.

Plaintiffs Stanley and Jesse Quayle were engaged in the trout farming business under the name of Garden Valley Trout Farm, a copartnership. An agreement was made between them and plaintiffs Hildebrand and Thornton to purchase a truck for the purpose of hauling live trout between Idaho and California, and it was so purchased in the early part of March, 1952. After the truck had been taken to Garden Valley, Stanley Quayle contacted defendant Cleveland for the purpose of procuring public liability insurance on it. On March 13, 1952, Mr. Cleveland wrote to the American Surety Company to inquire as to whether it would insure the truck and to determine what the rates would be for bodily injury insurance in the amounts of five- and ten-thousand-dollar limits. The appellant, by letter, replied to this request, quoted the rates and stated that it would handle the insurance. On March 18, 1952, Mr. Cleveland wrote to Stanley Quayle that he could procure the insurance. Stanley Quayle testified that on March 18th or 19th he called on Cleveland and requested that the policy be issued. He further testified that at this meeting it was agreed that a policy for ten and twenty thousand be written, and that Mr. Cleveland stated that they (the plaintiffs) were covered, and that they could begin using the truck.

On April 14, 1952, while the truck was being operated by plaintiff Parley Max Smith in the conduct of the business, it struck and injured Charles Howe, a minor. Pursuant to a stipulated judgment, the injured boy was awarded $5,000 against Hildebrand and Thornton and $10,000 against the truck driver and the Quayle brothers. After the accident Hildebrand communicated with the appellant insurance com-

*Assigned by Chairman of Judicial Council.

pany and asked if it would investigate and defend the action. The appellant denied liability and refused to defend. It denied that an oral contract of insurance was ever made.

Stanley Quayle testified that on the day after the accident he went to Mr. Cleveland's office to notify him of the accident, and at that time Cleveland said that he had neglected to get the insurance placed, but that he would issue a policy now. A policy was issued by the appellant dated April 15, 1952, with a maximum liability of five and ten thousand dollars on plaintiffs' truck.

The appellant urges for grounds of reversal (1) that the evidence was and is insufficient as a matter of law to support the judgment for plaintiffs or any one or more of them, and (2) that the jury was misdirected to the prejudice of appellant.

Appellant does not contend that plaintiffs are not entitled to recover if an oral contract of insurance was in fact entered into.

Conceding that the evidence is most conflicting, nevertheless there is substantial evidence to support the verdict of the jury and the judgment. The jury was the sole judge of the credibility of the witnesses and the weight of the evidence. Those matters are not within the province of an appellate court. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

Turning next to the instructions, appellant complains that the court withdrew from the consideration of the jury the issue as to the authority of its local agent Cleveland to bind appellant to ten- and twenty-thousand-dollar coverage without its previous consent and approval. The instructions on the subject matter read as follows:

(1) "Under the evidence produced, I instruct you that Acton Cleveland had authority to insure the truck involved immediately upon receipt by him of the written authorization dated March 17, 1952, from defendant American Surety Company."

(2) "I hereby instruct you that at all times covering the transactions herein involved, defendant, Acton Cleveland, was acting as a representative of defendant, American Surety Company of New York, and was a local agent of said defendant in Camptonville, California."

(3) "I instruct you that under the law of this state, an agent is not personally liable upon a contract he makes in behalf of his principal, where he discloses the identity of the

principal to the other contracting party. *Therefore,* if you find, from a preponderance of the evidence, that defendant Cleveland did make an oral contract of insurance with plaintiffs, then your verdict must be in favor of plaintiffs and against defendant American Surety Company of New York only, and in such amount as you find, from a preponderance of the evidence, to have been specified in such oral contract as the amount of insurance coverage, not exceeding, however, the sum of $10,000.''

There is no dispute in the evidence that the defendant Cleveland was the authorized local agent of the American Surety Company of New York. He had represented the company for 29 years. Both Cleveland and Wells so testified. However, Cleveland had to obtain the consent of the company before entering into a contract of insurance for commercial vehicles. The letter of March 17, 1952, which stated that American Surety Company would handle the insurance compels a conclusion that in this case Cleveland was vested with such authority, and therefore the fact of agency was undisputed. ■ Where the jury could draw but one conclusion from the evidence, it is not error to instruct the jury upon the facts thus admitted. (*Barker* v. *Southern Pac. Co.,* 118 Cal.App. 748 [5 P.2d 970, 6 P.2d 982]; *Smith* v. *Western Pac. R. Co.,* 36 Cal.App.2d 433, 440 [97 P.2d 863].)

■ It is also contended that instruction number 3 above was also prejudicially erroneous in that it authorized the jury to return a verdict for plaintiffs up to $10,000, whereas the complaint alleged an express oral agreement for ten- and twenty-thousand-dollar coverage. We fail to see where the limiting of the amount of recovery to $10,000 instead of $20,000 could be prejudicial to the appellant. This instruction was beneficial rather than prejudicial to appellant.

■ Appellant also objects to an instruction given by the trial court which read: ''I instruct you that in cases of oral contracts for original insurance, where no terms are expressly agreed upon, it is presumed that the parties contemplated those contained in policies usually issued to cover like risks.'' Appellant contends that this instruction permitted the jury to determine the amount of the insurance regardless of the oral contract alleged, and that if no express amount was agreed upon the jury could determine it. When the instructions are read in their entirety no such construction could possibly have been placed upon this instruction. In every instruction concerning the issue of the oral contract of insur-

ance the court was careful to leave the amount of the coverage to the jury. The jury was specifically instructed that in the event they found from a preponderance of the evidence that an agreement to insure the truck in question was entered into between Cleveland and plaintiff Stanley Quayle or Jesse Quayle, that they must then determine from a preponderance of the evidence, the amount of insurance agreed upon. Again, in the defendant's instruction number 2 the jury was told that before it could render a verdict against appellant it must appear by a preponderance of the evidence that the truck in question was insured by the American Surety Company in a definite amount.

After having examined the entire record in the case, including all of the evidence, we have concluded that the giving of the instructions complained of did not result in a miscarriage of justice.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.